UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANDRES VILLATORO,
on behalf of himself and all others
similarly situated,

                                            Plaintiff,                        **COMPLAINT**

                    - against -                                               **FLSA COLLECTIVE**

                                                                              **ACTION**

SKAV DINER INC. d/b/a CELEBRITY DINER
LOUKAS RENIERS, and George Nerantzinis individually,

                                            Defendants.
-----------------------------------------------------------------------X


Plaintiff Andres Villatoro ("Villatoro" or "Plaintiff"), on behalf of himself and others similarly

situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer,

complaining of Skav Diner Inc. D/B/A Celebrity Diner ("Celebrity Diner") and Loukas Reniers

("Reniers"), and George Nerantzinis ("Nerantzinis") individually (collectively "Defendants"),

alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action brought by Plaintiff and his similarly situated co-workers

       (dishwashers, prep cooks and cooks) to recover unpaid overtime compensation and

       minimum wages.  Plaintiff worked at the restaurant owned, controlled and operated by

       Reiners and Nerantzinis.

2.

3.     Plaintiff further brings this action on behalf of himself and all similarly situated current

       and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

4.    Plaintiff and FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6.    This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

7.    Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

**Plaintiff Andres Villatoro**

8.    Plaintiff is and was at all times relevant hereto an adult individual residing in Suffolk County, New York.

9.    Plaintiff worked at Defendants from on or about 2006 through on or about February 06, 2023.

10.    Plaintiff was employed by Defendants as a dishwasher.

11.    As a dishwasher, Plaintiff primary responsibility was to clean the dishes and the kitchen equipment. In addition, he responsible for ensuring that the kitchen area was kept clean and

helping the kitchen staff with various tasks such as food preparation, plating dishes, and restocking supplies.

12.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Skav Diner Inc. d/b/a Celebrity Diner**

13.     Skav Diner Inc. d/b/a Celebrity Diner is a restaurant incorporated in the State of New York.

14.     Celebrity Diner is located at 312 Jericho Turnpike, Syosset, NY 11791.

15.     Upon information and belief, Celebrity Diner has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

16.     Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.

**Defendant Loukas Reniers**

17.     Upon information and belief, Loukas Reniers maintains control, oversight and direction over Celebrity Diner.

18.     Reniers is a person engaged in business in Suffolk County who is sued individually in his capacity as an owner, officer and/or agent of Celebrity Diner.

19.     Reniers exercises sufficient control over Celebrity Diner to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Celebrity Diner.

20.     Reniers had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant George Nerantzinis**

21.    Upon information and belief, George Nerantzinis maintains control, oversight and direction over Celebrity Diner.

22.    Nerantzinis is a person engaged in business in Suffolk County who is sued individually in his capacity as an owner, officer and/or agent of Celebrity Diner.

23.    Nerantzinis exercises sufficient control over Celebrity Diner to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Celebrity Diner.

24.    Nerantzinis had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

25.    The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26.    The FLSA Collective consists of approximately 30 similarly situated current and former Restaurant Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

27.    As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

   i.  failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

   ii.  failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action.  Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

26. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

### Plaintiff Andres Villatoro's Employment with Defendants

29.  Plaintiff worked as a restaurant worker for Defendants from on or about 2006 through on or about February 6, 2023.

30.  The Plaintiff's job responsibilities consisted mainly of cleaning dishes, cleaning the kitchen equipment, cleaning the kitchen area, and supporting the kitchen staff with tasks like food preparation, dish plating, and restocking supplies.

31.  Throughout his employment with Defendants, Plaintiff was regularly scheduled to work more than 40 hours each week.

32.  From on or about March 21, 2020 to January 2023 to, Plaintiff was scheduled to work six days per week.

33.  Plaintiff was scheduled to work Monday, Tuesday, Thursday, Friday, Saturday and Sunday each week.

34.  Plaintiff was scheduled to work from11:00 a.m. to 8:00 p.m. each day.

35.  Plaintiff was given a one-hour meal break during his shifts.

36.  For this period, Plaintiff was paid $500 per week by check.

37.  Plaintiff's salary was only inclusive of the first 40 hours worked.

38.  From on or about March 28, 2020, to June 13, 2020, Defendants were closed as a result of the pandemic.

39.  From on or about June 14, 2020, to on or about September 2020, Plaintiff was schedule to work three days per week.

40.    For this period, Plaintiff was paid $300 per week by check.

41.    From on or about October 2020 to September 2021, Plaintiff was schedule to work six day per week.

42.    Plaintiff was scheduled to work from11:00 a.m. to 8:00 p.m. each day.

43.    Plaintiff was given a one-hour meal break during his shifts.

44.    For this period, Plaintiff was paid $500 per week by check

45.    Plaintiff's salary was only inclusive of the first 40 hours worked.

46.    From or about October 2021 to on or about April 2022, Plaintiff was schedule to work seven days each week.

47.    Plaintiff was scheduled to work from11:00 a.m. to 8:00 p.m. each day.

48.    For this period, Plaintiff received payment of $600 per week via check and an additional $100 in cash.

49.    Plaintiff was paid a flat weekly salary that was not inclusive of overtime.

50.    From or about May 2022 to February 6, 2023, Plaintiff was schedule to work six days each week.

51.    Plaintiff was scheduled to work from11:00 a.m. to 8:00 p.m. each day.

52.    For this period, Plaintiff received payment of $511 per week via check and an additional $100 in cash.

53.    Plaintiff was paid a flat weekly salary that was not inclusive of overtime.

54.    Plaintiff received paystubs stating inaccurately that he only worked 40 hours per week.

55.    Defendants never discussed overtime compensation or overtime work with Plaintiff.

**Defendants' Violations of the Wage Theft Protection Act**

56.   The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

57.   Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

58.   Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

59.   Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60.   Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

61.   At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per

workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

62. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

63. Defendants' decision not to pay overtime was willful.

64. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### <u>(On Behalf of Plaintiff)</u>

65. Plaintiff, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

67. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

68. Defendants' failure to pay required overtime was willful.

69. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Minimum Wage**
**(On Behalf of Plaintiff)**

70.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.   At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

72.   At all times relevant, Plaintiff was covered by the NYLL.

73.   The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

74.   Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

75.   Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

76.   Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Fair Labor Standards Act– Failure to Pay Minimum Wage**
**(On Behalf of Plaintiff)**

77.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.   The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

79.   Defendants willfully failed to pay Plaintiff the appropriate minimum wage for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

80.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

81.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

82.   As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(On Behalf of Plaintiff)**

83.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84.   Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

85.   Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

86.   Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is 23 entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Skav Diner Inc. d/b/a Celebrity Diner and Loukas Reniers, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(h) For such other further and different relief as this Court deems just and proper.

Dated:  February 24, 2023
      New York, New York

                                **THE LAW OFFICES OF JACOB ARONAUER**

                    By:     */s/ Jacob Aronauer*
                            Jacob Aronauer, Esq.
                            225 Broadway, 3rd Floor
                            New York, NY 10007
                            (212) 323-6980
                            jaronauer@aronauerlaw.com

                            *Attorney for Plaintiff*