UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRES VILLATORO,
on behalf of himself and all others
similarly situated,

                    **ORDER**

                  23-CV-01477 (JMA)(JMW)

          Plaintiff

    -against-

LTLMR LLC d/b/a CELEBRITY DINER and
LOUKAS RENIERS, individually,

          Defendants.
------------------------------------------------------------X

**A P P E A R A N C E S:**

Jacob Aronauer, Esq.
**The Law Offices of Jacob Aronauer**
225 Broadway, Suite 307
New York, NY 10007
*Attorney for Plaintiff*

Jamie Scott Felsen, Esq.
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Ste 3W8
Lake Success, NY 11042
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Andres Villatoro, by and through his attorney, Jacob Aronauer commenced this action against Defendants Skav Diner Inc. d/b/a Celebrity Diner, Loukas Reniers, and George Nerantzinis individually (collectively "Defendants") on February 24, 2023, alleging violations of Fair Labor Standards Act 29 U.S.C. § 216(b) and New York State Labor Law. (DE 1.) Plaintiff filed a second amended complaint on April 19, 2023. (DE 6.) Defendants answered the complaint on June 20, 2023. (DE 17.)

      Before the Court is Aronauer's uncontested motion to withdraw as counsel of record for

1

Plaintiff.  (DE 20.)  Aronauer originally filed a letter request to withdraw as counsel of record for Plaintiff on June 21, 2023.  (DE 18.)  The Court then held an initial conference on June 23, 2023, at which Aronauer confirmed his intent to withdraw as counsel of record and was directed to file his anticipated motion on or before June 30, 2023.  (DE 19.)  The Court set July 14, 2023 as the date for any opposition.

The instant motion was filed on June 30, 2023 along with a motion for leave to file the supporting declaration under seal.  (DE 20; DE 21.)  The latter motion was granted on July 5, 2023.  (Electronic Order dated July 5, 2023).  No opposition was filed to Aronauer's motion to withdraw even though he, as directed, served both English and Spanish language copies of the motion and accompanying declaration on his client.  (DE 22.)

For the reasons stated herein, Aronauer's motion to withdraw (DE 20) is granted and he is terminated as counsel of record.

## **DISCUSSION**

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court."  *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d

Cir. 1999).)  New York's Rules of Professional Conduct ("NYRPC")[1] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive (*see* NYRPC rule 1.16(c)).  The grounds proffered here, an irreconcilable conflict, fall within the permissive bucket.  *See* NYRPC rules 1.16(c)(4)[2] and (7).[3]  The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[4]  Such circumstances include when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement."  Model Code 1.16(b)(4).  Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion.  *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation, sufficient grounds exist to justify permissive withdrawal under the rules.  *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *see also Guichard v. Toulon*, No. 19-CV-3443 (JS)(JMW),

---

[1] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts."  *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[2] Withdrawal based on a disagreement between an attorney and client is permitted under the rules when "the client insists upon taking action with which the lawyer has a fundamental disagreement."  NYRPC rule 1.16(c)(4); *see also Flannigan v. Vulcan Power Grp. LLC*, No. 09-CV-8473 (LAP), 2023 WL 2986870, at *2 (S.D.N.Y. Apr. 18, 2023) (citing the same).

[3] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  NYRPC rule 1.16(c)(7); *see also Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) (citing the same).

[4] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar.  *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same): *Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA)(JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) (same).

Aronauer explains that there is an "irreconcilable conflict" between him and his client that he believes has rendered continued representation difficult. (DE 20.) Motions to withdraw based upon the grounds urged here are tricky beasts. They pose a unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while simultaneously protecting confidential or privileged communications and being mindful of any potential prejudice to their client. *See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients). After all, the outgoing lawyer always has the duty to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client." *See* N.Y.R.P.C. 1.16(e).

"The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other." *White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-CV-2587 (AMD)(JMW), 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023); *Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, No. 22-CV-5458 (AT)(BCM), 2023 WL 3011912, at *2 (S.D.N.Y. Mar. 30, 2023) (same). So how does counsel thread this needle? One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal. *See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw). That is the option Aronauer availed himself of. (*See* DE 21.)

Having reviewed the declaration proffered in support of Aronauer's motion to withdraw

4

(DE 21), the Court is satisfied that withdrawal is appropriate under the circumstances. The declaration confirms that Aronauer and his client are at an irreconcilable crossroads. Given the circumstances of their disagreement as to the path forward -- continued representation under the circumstances is untenable. No more is necessary to determine instant application. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."). Further, even if more was necessary to render withdrawal appropriate, the Court has not received any opposition by Plaintiff or Defendants. *Cf. Guichard*, 2022 WL 2612351, at *2 (noting that considering the unreasonable breakdown in communication "coupled with no opposition from the client, the Court concludes there are sufficient grounds for withdrawal").

Moreover, Aronauer's withdrawal as counsel of record "can be accomplished without material adverse effect on the interests of" Plaintiff. *See* NYRPC rule 1.16(c)(1)(permissive withdrawal). This case is in its nascent stage. There is no Rule 16 scheduling order in place (*see* Fed R. Civ. P. 16), and there has been no other motion practice or meaningful activity to date. Thus, withdrawal would not prejudice Plaintiff or materially affect his interests. This independent ground for withdrawal further supports granting the instant motion.

The Court also notes that Aronauer has not asserted any retaining or charging liens against Plaintiff in any of his filings.

## CONCLUSION

For the reasons stated, the motion to withdraw (DE 20) is granted. All proceedings in this case are stayed until **October 2, 2023**, so that Plaintiff has opportunity to retain new counsel.

Incoming counsel, if any, shall file a Notice of Appearance on or before October 2, 2023.

The parties shall appear for a status conference on **October 10, 2023, at 11:30 AM** before the undersigned via Zoom, at which time the Court will set a discovery schedule. The parties are directed to meet and confer and then jointly submit a proposed discovery schedule for the Court's consideration on or before **October 6, 2023**.

Outgoing counsel is directed to serve English and Spanish copies of this Order upon Plaintiff at his last known address and last known email address, and file proof of service on ECF **within two business days** of this order.

Dated: Central Islip, New York
August 7, 2023

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge