UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDRES VILLATORO *on behalf of himself
and all others similarly situated*,

                *Plaintiff*,

      -against-

SKAV DINER INC. d/b/a CELEBRITY
DINER, *et al.*,

               *Defendants*.
-------------------------------------------------------------X

*SUA SPONTE*
REPORT AND
RECOMMENDATION
23-CV-01477 (NJC) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Andres Villatoro ("Plaintiff"), on behalf of himself and others similarly situated, by and through his former attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, commenced this FLSA Collective action on February 24, 2023, against Skav Diner Inc. D/B/A Celebrity Diner, Loukas Reniers, and George Nerantzinis (collectively, "Defendants") alleging violations of the Fair Labor Standards 29 U.S.C. § 216(b) and New York State Labor Law. (ECF No. 1.)  Since the commencement of the action, Plaintiff, now proceeding *pro se*, has failed to comply with multiple Court orders – including two Status Conferences orders.

      The Court has made clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that failure to abide by Court orders would result in the undersigned recommending to the District Judge that the case should be dismissed "for failure to prosecute under Fed. R. Civ. 41(b)." (*See* ECF Nos. 26, 28.)  Because those warnings were not heeded, the Court now respectfully recommends *sua sponte* to the Hon. Nusrat Jahan Choudhury that the action now be dismissed for failure to prosecute.

1

## BACKGROUND

Following Plaintiff's commencement of this action, he filed a second amended complaint on April 19, 2023. (ECF No. 6.) Defendants answered the complaint on June 20, 2023. (ECF No. 17.) On June 21, 2023, Plaintiff's former attorney – Jacob Aronauer ("Aronauer") of The Law Offices of Jacob Aronauer filed a *Request to Withdraw*. (ECF No. 18.) On June 23, 2023, the Court held an initial conference where Aronauer confirmed his intent to withdraw as counsel of record and was directed to file his anticipated motion on or before June 20, 2023. (ECF No. 19.) In the same conference, the Court withheld issuing a discovery schedule in anticipation of Aronauer's motion to withdraw. (*Id.*)

On June 30, 2023, Aronauer moved to withdraw as Plaintiff's counsel and expressed there to be an "irreconcilable conflict" between him and Plaintiff. (ECF No. 20.) That same day, Aronauer filed a motion for leave to file the supporting declaration under seal. (ECF No. 21.) On July 5, 2023, the Court granted the latter motion. (Electronic Order dated July 5, 2023.) No opposition was filed to Aronauer's motion to withdraw even though he, as directed, served both English and Spanish language copies of the motion and accompanying declaration on his client. (ECF No. 22.) This Court subsequently granted Auronauer's motion to withdraw as counsel for Plaintiff and terminated Aronauer as counsel of record in an Order dated August 7, 2023. (ECF No. 23.) The Court acknowledged that Aronauer and Plaintiff were at "irreconcilable crossroads" and "given the circumstances of their disagreement as to the path forward – continued representation under the circumstances [was] untenable."[1] (ECF No. 23.)

---

[1] This Court acknowledged that a motion to withdraw on the basis of an "irreconcilable conflict" between an attorney and his client are "tricky beasts" due to the unique challenge they pose for counsel to "sufficiently articulate the basis for the withdrawal, while simultaneously protecting confidential or privileged communications and being mindful of any potential prejudice to their client." (ECF No. 23 at 4.)

2

In the same order, the Court directed the parties to appear for a status conference set for October 10, 2023 (the "October 10 Conference") and directed the parties to meet and confer and then jointly submit a proposed discovery schedule for the Court's consideration on or before October 6, 2023. (*Id.*) As outgoing counsel, Aronauer was directed to serve English and Spanish copies of this Order upon Plaintiff at his last known address and last known email address and file a proof of service on ECF within two business days of this Order. (*Id.*) On August 10, 2023, Plaintiff filed an affidavit of service for the Order dismissing Aronauer as counsel in English and Spanish. (ECF No. 24.)

On October 6, 2023, the date that the parties were to submit a proposed discovery schedule as per the Court's order on August 7, 2023, Defendant filed a letter stating that they were unable to comply with the August 7, 2023, Order because "Plaintiff has not retained new counsel" and they did not have "Plaintiff's phone number or email address to confer with him about a proposed discovery schedule." (ECF No. 25.) Notably, Defendants state that "in the event Plaintiff fails to appear for the October 10, 2023, status conference, Defendants will move to dismiss for lack of prosecution." (*Id.*).

Since deciding to proceed *pro se*[2], Plaintiff has failed to appear at two court-ordered conferences. First, Plaintiff failed to appear for the October 10 Conference in violation of this Court's August 7, 2023, Order (ECF No. 23.) On October 10, 2023, this Court issued an order directing Plaintiff to appear for another video conference scheduled for November 2, 2023[3], and warned Plaintiff that his failure to comply with the order "may result in a *sua sponte*

---

[2] As per the Court's Order dated August 7, 2023, Plaintiff had the opportunity to retain new counsel. "Incoming counsel, if any, was to file a Notice of Appearance on or before October 2, 2023." (*See* ECF No. 23.)

[3] The Court additionally directed Plaintiff to contact chambers at the number below to provide email addresses for the Zoom link to the conference. (ECF No. 26.)

3

Recommendation to the Hon. Joan M. Azrack recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 26.)[4]

Plaintiff then failed to appear for the November 2, 2023, status conference (the "November 2 Conference") and did not otherwise contact the Court (ECF No. 28.) In addition, Defendant's counsel shared that he had a conversation with a friend of *pro se* Plaintiff and recommended that *pro se* Plaintiff contact the Court to receive the Zoom information for the November 2 Conference. (*Id.*) In a Minute Order, this Court advised Plaintiff that "due to [his] failure to appear, a Report and Recommendation will be prepared for the Honorable Nusrat Choudhury recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (*Id.*) To date, Plaintiff has not responded to either order or otherwise contacted the Court.

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

---

[4] This case was subsequently reassigned to the Hon. Nusrat Jahan Choudhury on October 11, 2023. (See Electronic Order Dated October 11, 2023.)

4

judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case in over four months, since he filed an Amended Complaint on April 19, 2023, before his former counsel withdrew from the case on August 7, 2023. (ECF No. 23.) "This period of inaction, over four months long, weighs strongly in favor of dismissal." *Pena v. Zazzle Inc.*, No. 21CV5819 (VEC) (RWL), 2022 WL 676009, at *3 (S.D.N.Y. Feb. 25, 2022) (collecting cases favoring dismissal after four months of inaction).

*Second*, upon the Plaintiff's first failure to comply with a status conference order, the Court put Plaintiff on notice that his failure to comply with the order "may result in a *sua sponte* Recommendation to the Hon. Joan M. Azrack recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 26.) Accordingly, this factor also weighs in favor of dismissal.

*Third*, any further delay is likely to prejudice Defendants. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. "Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'" *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19CV6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020).

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 2022 WL 676009, at *4. The Court has a strong interest in managing its docket

5

and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses her right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15CV3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff in both English and Spanish on or before November 17, 2023, by the following three methods: (1) overnight mail through USPS to his P.O. Box, (2) overnight FedEx to Plaintiff's last known addresses, and (3) attaching to a text, a PDF or image of this order to the phone number provided to counsel, and promptly file proof of service for all above methods on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14)

6

day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       November 8, 2023

                                                    **RESPECTFULLY RECOMMENDED,**

                                                    /S/ *James M. Wicks*
                                                    JAMES M. WICKS
                                                    United States Magistrate Judge